UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

**OAK HARBOR FREIGHT LINES, INC.,**                    Civil Case No. 3:13-CV-00416-KI

                      Plaintiff,                    OPINION AND ORDER ON
                                      DEFENDANT'S MOTION TO
      v.                    DISMISS

**ROBERT S. ARGYLE**,

                      Defendant.


       Richard C. Hunt
       Laura Salerno Owens
       Edwin A. Harnden
       Barran Liebman LLP
       601 SW Second Ave.
       Suite 2300
       Portland, OR 97204-3159

             Attorneys for Plaintiff

Joseph J. Haddad
351 NW 12th Ave.
Portland, OR 97209

Attorney for Defendant

KING, Judge:

Plaintiff employer Oak Harbor Freight Lines, Inc. brings a declaratory judgment action against employee Robert Argyle.  Pending before the Court is Argyle's Motion to Dismiss for Lack of Jurisdiction [7].

## LEGAL STANDARDS

An action seeking relief under the Declaratory Judgment Act must present an actual case or controversy and must fulfill statutory jurisdictional prerequisites.  Under the Act, the case must present a "substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment."  Maryland Casualty Co. v. Pacific Coal & Oil Co., 312 U.S. 270, 273 (1941).  If it "passes constitutional and statutory muster," the district court must also determine that entertaining the action is appropriate because the Act gives the court permissive, rather than mandatory, authority. Government Employees Ins. Co. v. Dizol, 133 F.3d 1220, 1222-23 (9th Cir. 1998) (en banc).  In determining whether to exercise its discretion, the court should consider the Brillhart factors. Brillhart v. Excess Ins. Co. of America, 316 US 491 (1942).  Those factors include avoiding deciding issues of state law, discouraging forum shopping, and avoiding duplicative litigation. However, these factors "are not exhaustive."  Government Employees Ins., 133 F.3d at 1225 n.5. Other factors include:

Page 2 - OPINION AND ORDER ON MOTION TO DISMISS

the declaratory action will settle all aspects of the controversy; whether the
declaratory action will serve a useful purpose in clarifying the legal relations at
issue; whether the declaratory action is being sought merely for the purposes of
procedural fencing or to obtain a 'res judicata' advantage; or whether the use of a
declaratory action will result in entanglement between the federal and state court
systems.  In addition, the district court might also consider the convenience of the
parties, and the availability and relative convenience of other remedies.

Id. (internal quotation omitted).

## DISCUSSION

After considering Argyle's motion and Oak Harbor's response, I decline to dismiss the

case.  Instead, I exercise my discretion, which Argyle recognizes I have, to retain jurisdiction

over this action.

As an initial matter, Oak Harbor has sufficiently alleged a concrete fear that Argyle will

undertake litigation of events occurring after August 18, 2011.  Furthermore, although a

contested case involving Argyle and Oak Harbor is pending with Oregon's Commissioner of

Bureau of Labor and Industries ("BOLI"), raising questions under the Oregon Family Leave Act

("OFLA"), the declaration Oak Harbor seeks here is not solely directed at its compliance with

Oregon law.  Oak Harbor also requests a declaration that its policy of requiring a short note from

a medical care provider is not a violation of the Family and Medical Leave Act ("FMLA"), a

question arising under federal law and one not at issue in the contested case.  In short, Oak

Harbor seeks a resolution in a single forum about its compliance with the law, the pending

contested case will not fully adjudicate all matters in controversy, Argyle has not argued

inconvenience, and there is no evidence Oak Harbor is engaged in forum shopping.  Particularly

given that Oak Harbor seeks a declaration as to the legality of its policy in two other active cases

assigned to this Court, all of which will be consolidated by separate order for purposes of

Page 3 - OPINION AND ORDER ON MOTION TO DISMISS

discovery and dispositive motions, retaining Oak Harbor's declaratory action against Argyle is the most efficient and economical way to resolve the dispute.

## CONCLUSION

For the foregoing reasons, Argyle's Motion to Dismiss for Lack of Jurisdiction [7] is denied.

IT IS SO ORDERED.

DATED this ___17th___ day of May, 2013.


                                         /s/ Garr M. King_____
                                         Garr M. King
                                         United States District Judge